## HVIDE MARINE INCORPORATED
## SECRETARY'S CERTIFICATE



I, Walton S. Kinsey, Jr., the Senior Vice President and Secretary of HVIDE MARINE INCORPORATED, a Delaware corporation (the "Corporation"), DO HEREBY CERTIFY:

1. That I am the duly elected, qualified and acting Senior Vice President and Secretary of the Corporation, and that as such I am authorized to give this Secretary's Certificate;

2. That the Corporation is duly organized, validly existing and in good standing under the laws of the State of Delaware;

3. That attached hereto as Exhibit A is a true, correct and complete copy of resolutions adopted at a special meeting of the Board of Directors of the Corporation, as of May 2, 2000, and that said resolutions have not been revoked, modified or amended in any manner and remain in full force and effect; and

4. That Eugene F. Sweeney is now and has been at all relevant times the duly elected, qualified and acting President and Chief Operating Officer of the Corporation.

IN WITNESS WHEREOF, I have executed this Secretary's Certificate as of June __5__, 2000.

HVIDE MARINE INCORPORATED

By: _____
Walton S. Kinsey, Jr.
Senior Vice President and Secretary

EXHIBIT A

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## HVIDE MARINE INCORPORATED (the "Corporation")

WHEREAS, the Corporation is the sole defendant in *United States v. Hvide Marine Incorporated*, which was brought under United States Code, Title 29, Section 186;

WHEREAS, the Corporation has agreed to enter into a plea agreement (the "Plea Agreement"), by and between the Corporation and the United States Department of Justice, pursuant to which the Corporation is obligated, among other things, to: (i) plead guilty to a one count Information charging it with a violation of United States Code, Title 29, Section 186(a)(2); and (ii) continue to cooperate with the Department of Justice by providing truthful, complete and forthright information whenever requested by the Department of Justice; and

WHEREAS, the Board of Directors of the Corporation desires to authorize a certain individual to execute the Plea Agreement.

NOW, THEREFORE, IT IS:

RESOLVED, that the Corporation be and hereby is authorized to enter into and perform its obligations under the Plea Agreement, substantially in the form attached as Exhibit 1, and any related documentation contemplated to be entered into and performed in connection therewith;

RESOLVED, that Eugene F. Sweeney, in his capacity as President of the Corporation, be and hereby is authorized and directed, in the name and on behalf of the Corporation, to sign, execute, seal if necessary, and deliver the Plea Agreement and any additional documentation contemplated to be entered into and performed in connection therewith; and

RESOLVED, that the Secretary of the Corporation be and hereby is authorized and directed to file this Resolution with the minutes of the meetings of the Board of Directors of the Corporation.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HVIDE MARINE INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

I.  **INTRODUCTION**

Pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure and in consideration of the mutual promises set forth below, the following agreement, which is contained in its entirety in this document, is entered into between the United States Department of Justice, Organized Crime and Racketeering Section, acting pursuant to the United States Deputy Attorney General's Order recusing the United States Attorney's Office for Southern District of Florida from this matter, and HVIDE Marine Inc., (hereinafter HVIDE Marine) the defendant. No other agreement, understanding, promise, or condition between OCRS and HVIDE Marine exists; nor will such agreement, understanding, promise or condition exist unless

Exhibit 1

-2-

it is committed to writing in an amendment attached to this document and signed by HVIDE Marine, an attorney for HVIDE Marine, and OCRS.

II.    THE DEFENDANT'S OBLIGATIONS

(A) HVIDE Marine will waive proceeding by indictment and shall plead guilty to a one count Information charging it with a violation of Title 29, United States Code, Section 186. HVIDE Marine admits it is, in fact, guilty of violating 29 U.S.C.§ 186(a)(2) as charged in the Information.

(B) HVIDE Marine shall continue to cooperate with OCRS by providing truthful, complete, and forthright information whenever, wherever, to whomever, and in whatever form an attorney for the Department of Justice requests.

III.    THE OBLIGATIONS OF THE ORGANIZED CRIME AND RACKETEERING SECTION

(A) If HVIDE Marine completely fulfills all of its obligations under this plea agreement, OCRS shall bring no additional criminal charges against HVIDE Marine or any current officer and/or director of HVIDE Marine relating to or arising from the charges described in the criminal Information that are known by OCRS at time of the plea.

(B) If OCRS determines in its sole discretion that HVIDE Marine has fulfilled its obligations under paragraph II.B of this agreement, OCRS shall inform the sentencing judge of the extent and value of HVIDE Marine's cooperation under the terms of paragraph II.B of this plea agreement.

## IV. FACTUAL BASIS

(A) At all times relevant to the criminal Information, HVIDE Marine, a business engaged in interstate commerce, was an employer as that term is used in 29 U.S.C. § 186(a)(2).

(B) Beginning in November 1993, and continuing through at least October 1998, HVIDE Marine made payments to Walter J. Browne as follows: from November 1993 through January 1994, $1,500 per month; for February 1994, $2000; from March through April 1994, $3,500 per month; from May 1994 through December 1996, $5,000 per month; and from January 1997 through October 1998, $4,000 per month. At the time HVIDE Marine made these payments it understood Walter J. Browne to be an official of the District Number 1- Marine Engineers Beneficial Association (AFL-CIO) (hereinafter D1-MEBA). At the time HVIDE Marine made these payments, it further understood that D1-MEBA was a labor organization which had sought to represent or would admit to membership employees of HVIDE Marine.

(C) In 1995, HVIDE Marine entered into a venture with other business partners to build state-of-the-art double hulled tankers. Based on certain financing restrictions, HVIDE Marine and its partners were required to obtain prior to the construction of the tankers an agreement with a labor organization to crew these new ships with union based labor.

(D) In late 1995, officers and agents of HVIDE Marine approached Walter J. Browne and inquired whether he could secure a labor contract between HVIDE Marine and D1-MEBA which would contain terms favorable to HVIDE Marine's interests.

(E) On December 1 and December 4, 1995, officers and agents of HVIDE Marine and its business partners in the double hull tanker project met with officials of D1-MEBA, including

-4-

Walter J. Browne, and attempted to negotiate an agreement for D1-MEBA to provide union based labor on the double hull tankers.

(F) On December 4, 1995, the President of D1-MEBA, who participated in the meetings referenced above, was defeated in the general union election. Thereafter, a contract was not entered into between HVIDE and D1-MEBA.

V.   SENTENCING

(A) HVIDE Marine understands and agrees that the maximum penalty the sentencing court could impose for violating Title 29, United States Code, Section 186(a)(2), is not more than 5 years imprisonment, a fine of not more than $15,000, and not more than five years of supervised release.

(B) HVIDE Marine understands and agrees that it shall be required to pay a special assessment of $100.

(C) HVIDE Marine understands and agrees that the Sentencing Guidelines apply to its case and that the Court is required to consider any applicable guidelines, but may depart from those guidelines under some circumstances. HVIDE Marine also states that it has discussed the impact of the Sentencing Guidelines with its attorney.

(D) HVIDE Marine and OCRS stipulate and agree that the base offense level for its violation of 29 U.S.C. § 186 is 10. (U.S.S.G. §2E5.1).

(E) HVIDE Marine and OCRS stipulate and agree that the base offense level of 10 should be increased by 5 points based on the value of the prohibited payment for an adjusted base offense level of 15. (U.S.S.G. § 2E5.1(b)(2)).

(F) HVIDE Marine and OCRS stipulate and agree that under 18 U.S.C. § 3571 the maximum fine for an organization is the greater of the amount specified in the law setting forth the offense or, for a felony, not more than $500,000. See 18 U.S.C. § 3571(c)(1) & (3). The parties further stipulate and agree that 29 U.S.C. § 186 does not, by specific reference, exempt itself from the provisions of 18 U.S.C. § 3571. Because 29 U.S.C. § 186 does not exempt itself from the provisions of 18 U.S.C. § 3571, the parties stipulate and agree that the maximum fine for a violation of Section 186 is $500,000. See 18 U.S.C. § 3571(e) and U.S.S.G. § 8C3.1.

(G) For the purpose of calculating the guideline fine range for an organization, HVIDE Marine and OCRS stipulate and agree that the adjustments to an offense level set forth in Chapter Three, Parts A (Victim-Related Adjustments), B (Role in the Offense), C (Obstruction), and E (Acceptance of Responsibility) of the Sentencing Guidelines do not apply. (U.S.S.G. § 8C2.3 Application Note 2).

(H) HVIDE Marine and OCRS stipulate and agree that the base fine for an offense level of 15 is $125,000. (U.S.S.G § 8C2.4).

(I) HVIDE Marine and OCRS stipulate and agree that the base culpability score of 5 set forth in U.S.S.G § 8C2.5(a) should be increased by 2 points pursuant to U.S.S.G § 8C2.5(b)(4) and decreased by 2 points pursuant to U.S.S.G § 8C2.5(g) (2) resulting in a total culpability score of 5.

(J) HVIDE Marine and OCRS stipulate and agree that a culpability score of 5 results in a minimum multiplier of 1.00 and a maximum multiplier of 2.00. (U.S.S.G § 8C2.6). Applying

-6-

these multipliers, the parties stipulate and agree that the minimum guideline fine range is $125,000 and the maximum guideline fine range is $250,000. (U.S.S.G § 8C2.7).

(K) If OCRS determines, in its sole discretion, that HVIDE Marine has fully complied with its obligations to cooperate as set forth in paragraph II.B, it will recommend a downward departure based upon the defendant's substantial assistance to the government from the guideline fine range set forth above to a fine of $60,000. (U.S.S.G §§ 5K1.1 & 8C4.1). HVIDE Marine understands that it may not withdraw its plea of guilty if OCRS determines it has not fully complied with its obligations under paragraph II.B, and therefore does not recommend a downward departure from the sentencing guidelines.

(L) OCRS agrees at the time of sentencing that HVIDE Marine may argue that it is entitled to a downward departure under 5K2.0 based on the following:

(a) a complete change in the upper management and board of directors of HVIDE Marine since the time of the offense; and

(b) its financial condition.

(M) OCRS agrees that it will not object to HVIDE Marine's request that payment of the fine should be structured by the sentencing court. (U.S.S.G. § 8C3.2(b)).

(N) HVIDE Marine agrees to implement a program designed to educate its officials and managers on the provisions of the Taft-Hartley Act and conduct constituting a violation of that Act.

(O) HVIDE Marine and OCRS agree that neither party will seek a departure from or adjustments to the guidelines other than those set forth in this agreement.

-7-

(P) HVIDE MARINE understands that the sentence to be imposed is in the discretion of the sentencing court and agrees that no one has promised it what sentence will be imposed, and that if the court does not impose a sentence in accordance with this agreement that will not serve as a basis for HVIDE Marine to withdraw its plea of guilty.

## VI. WAIVER OF THE APPLICABLE STATUTE OF LIMITATIONS

HVIDE Marine understands and agrees that if OCRS should determine that it has failed to fulfill completely its obligations under this plea agreement, OCRS may void the agreement and it shall be free to prosecute HVIDE Marne for any offense, including any offense otherwise barred from being prosecuted because of the expiration of the applicable statute of limitations after the signing of this plea agreement by HVIDE Marine.

## VII. SIGNATURES OF THE PARTIES

I have read this plea agreement and have discussed it fully with my client, HVIDE MARINE. It accurately and completely sets forth the entire plea agreement.

Dated: _____    _____
                        Jane Barrett
                        Attorney for the Defendant

I, on behalf of HVIDE Marine, have read this plea agreement and have discussed it with our attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made, nor am I under the influence of anything that could impede my ability to understand fully this plea agreement. I affirm that absolutely no promises, agreements, understandings, or conditions.

-8-

expressed or implied, have been made or entered into in connection with our decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by our attorney in connection with this plea agreement and matters related to it.

Dated: _____

_____
HVIDE MARINE
Defendant

I accept and agree to this plea agreement on behalf of Acting United States Attorney, Bruce G. Ohr.

Dated: _____    By: _____
Julia J. Stiller
Trial Attorney